NOV 12 2008

CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/12/2008

MEMO ENDORSED

PAUL B. DALNOKY, ESQ.
45 EAST 7 STREET, #103
NEW YORK, NEW YORK 10003

TELEPHONE – (212) 260-4386

November 11, 2008

Hon. Richard M. Berman
United States District Court
500 Pearl Street
New York, NY 10007

Re: Gibson v. Craigslist, Inc.
08 CV 7735 (RMB)

> Included this + any other responses in Pl's submission which is due Nov 20, '08. Page limits apply. Application for separate motion is denied as moot.
>
> SO ORDERED:
> Richard A. Berman 11/12/08
> Richard M. Berman, U.S.D.J.

Dear Hon. Berman:

I represent Mr. Gibson and have reviewed defendant's motion to dismiss. I respectfully submit this letter pursuant to Rule 2(A) of this Court Individual Practices.

Having read most of defendant's cases, as will be outlined below, I respectfully submit this letter additionally as Rule 11 notice.

Specifically, no case I have read supports defendant's attempt to stretch 47 USC 230 beyond its plain meaning. **Gibson v. Craigslist** is based upon common law negligence. It is not based upon treating Craigslist as a publisher or speaker ("content"), 47 USC 230(c)(1), nor is it about restriction, 47 USC 230(c)(2). I will briefly review defendant's cases.

**Zeran v. AOL**, 129 F3d 327 (content); **Gucci v. Hall & Assoc.**, 135 FSupp 2d 409 (this Court declines to stretch the statute beyond literal meaning); **Chicago Lawyers v. Craigslist**, 461 FSupp 681 (content); **Carafano v. Metrosplash**, 339 F3d 1119 (content); **Murawski v. Pataki**, 514 FSupp 577 (content); **Blumenthal v. Drudge**, 992 FSupp 44 (content).

Doe v. Myspace, 474 FSupp 843, which defendant claims is "materially indistinguishable", is close only because it involves an assault. This single case from the Western District of Texas[1] claimed that Myspace, a pure content provider, had a duty to confirm the age of its users. No such contributory negligence is involved here. Additionally, the Doe v. Myspace decision affirms the importance for the internet to "create forums for people to exchange their thoughts and ideas". "Here, plaintiffs seek to impose tort liability on Myspace, a company that functions as an intermediary by providing a forum for the exchange of information between third party users", at 848. "All of these cases involved attempts to hold an interactive computer service liable for its publication of third-party content or harms flowing from the dissemination of that content", at 849.

Defendant's reliance on this case is solely misplaced.

It is well-settled that "statutes which invade the common law ... are to be read with a presumption favoring the retention of long-established and familiar principles, except when a statutory purpose to the contrary is evident [citations omitted". US v. Texas, 507 US 529, 534 (1993). See, also, Isbrandtsen v. Johnson, 343 US 779 (1952); Astoria Federal Savings and Loan v. Soliomino, 501 US 104 (1991).

Additionally, I am presently seeking the perpetrator's statements in an Article 78 proceeding. If Craigslist is implicated, I may request a second motion conference to seek an injunction to compel defendant to better monitor its website, or, alternatively, shut it down.

I respectfully request a pre-motion conference for a FRCP 11 motion.

Yours truly,

Paul B. Dalnoky

PBD/ig

cc: Coughlin Duffy LLP (by Fax)
Perkins Cole LLP (by Fax)

---

[1] I make this point only to show that the persuasive authority of this case is fairly limited.