UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALVIN GIBSON,

       Plaintiff,

  v.

CRAIGSLIST, INC.

       Defendant.

08 CV 7735 (RMB)

*Document Electronically Filed*

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CRAIGSLIST, INC.'S MOTION TO DISMISS

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................... 1

LEGAL ARGUMENT ................................................................................................... 2

A RULE 12(b)(6) MOTION IS A PROPER VEHICLE FOR DISMISSAL OF THE COMPLAINT ................................................................................................................. 2

SECTION 230 BARS COMMON LAW NEGLIGENCE CLAIMS ............................ 4

THE COMPLAINT TREATS CRAIGSLIST AS THE "PUBLISHER" OF THIRD-PARTY CONTENT ON ITS SERVICE ...................................................................................... 6

PLAINTIFF'S REQUEST FOR A PRE-MOTION CONFERENCE AND/OR SANCTIONS SHOULD BE DENIED……………………………………………………………………..9

CONCLUSION............................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Aslanidis v. United States Lines, Inc.*, 7 F.3d 1067 (2d Cir. 1993) .................................................. 5
*Barnes v. Yahoo!, Inc.*, No, Civ. 05-926-AA, 2005 WL 3005602 (D. Or. Nov. 8, 2005) ............. 5
*Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) ............................................................................. 8
*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) .................................................................... 4
*Ben Ezra, Weinstein & Co. v. Am. Online Inc.*, 206 F.3d 980 (10th Cir. 2000) ......................... 5
*Best W. Int'l, Inc. v. Furber*, No. CV-06-1537-PHX-DGC, 2008 WL 4182827 (D. Ariz. Sept. 5, 2008) ............................................................................................................................................ 6
*Blumenthal v. Drudge*, 992 F. Supp. 44 (D.D.C. 1998) ............................................................... 3
*Chi. Lawyers' Comm. for Civ. Rights Under Law, Inc. v. Craigslist, Inc.*, 461 F. Supp. 2d 681, 698 (N.D. Ill. 2006), *aff'd*, 519 F.3d 666 (7th Cir. 2008) ........................................................... 8
*Corbis Corp. v. Amazon.com,* 351 F. Supp. 2d 1090 (W.D. Wash. 2004) .................................. 8
*Doe v. Am. Online*, 783 So. 2d 1010 (Fla. 2001) ......................................................................... 6
*Doe v. Bates*, No. 5:05-CV-91-DF-CMC, 2006 WL 3813758 (E.D. Tex. Dec. 27, 2006) ....... 2, 5
*Doe v. Friendfinder Network, Inc.*, 540 F. Supp. 2d 288 (D.N.H. 2008) ................................. 2, 6
*Doe v. MySpace, Inc.*, 474 F. Supp. 2d 843 (W.D. Tex. 2007) ................................................ 3, 9
*Doe v. MySpace, Inc.*, 528 F.3d 413 (5th Cir. 2008), *cert. denied* ___ S. Ct. ___, 2008 WL 4218722 (Nov. 17, 2008) ................................................................................................... 5, 7, 8, 9
*Doe v. SexSearch.com*, 502 F. Supp. 2d 719 (N.D. Ohio 2007) ............................................... 2, 6
*Gentry v. eBay, Inc.*, 121 Cal. Rptr. 2d 703 (Cal Ct. App. 2002) ................................................. 6
*Global Royalties, Ltd. v. Xcentric Ventures, LLC*, 544 F. Supp. 2d 929 (D. Ariz. 2008) ............ 8
*Global Royalties, Ltd. v. Xcentric Ventures, LLC*, No. 07-956-PHX-FJM, 2007 WL 2949002 (D. Ariz. Oct. 10, 2007) ....................................................................................................................... 2
*Green v. Am. Online*, 318 F.3d 465 (3d Cir. 2003) ................................................................ 2, 5, 7
*Gucci Am., Inc. v. Hall & Assoc.*, 135 F. Supp. 2d 409 (S.D.N.Y. 2001) .................................... 6
*Kruska v. Perverted Justice Found. Inc.*, No. CV 08-0054-PHX-SMM, 2008 WL 2705377 (D. Ariz. July 9, 2008) ................................................................................................................. 2, 5, 8
*Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 631 (D. Del. 2007) ............................................. 2
*Lee v. Bankers Trust Co.*, 166 F.3d 540 (2d Cir. 1999) ................................................................ 5
*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 564 F. Supp. 2d 544 (E.D. Va. 2008) ........ 2
*Parker v. Google, Inc.*, 422 F. Supp. 2d 492 (E.D. Pa. 2006), *aff'd*, 242 Fed. Appx. 833 (3d Cir.), *cert. denied*, ___ U.S. ___, 128 S. Ct. 1101, 169 L. Ed. 2d 834 (2007) .................................... 2, 5
*Pilman v. New York City Housing Auth.*, 214 F. Supp. 2d 325 (S.D.N.Y. 2002) ......................... 3
*Stoner v. eBay Inc.*, No. 305666, 2000 WL 1705637 (Cal. Super. Ct. Nov. 1, 2000) .................. 8
*Stratton Oakmont, Inc. v. Prodigy Services Co.*, 1995 N.Y. Misc. LEXIS 229, 23 Media L. Rep. (BNA) 1794 (N.Y. Sup. Ct. 1995) ................................................................................................. 5
*Universal Commc'n Systems, Inc. v. Lycos, Inc.*, 478 F.3d 413 (1st Cir. 2007) ....................... 2, 8
*Zeran v. America Online, Inc.*, 129 F.3d 327 (4th Cir. 1997) ................................................ 5, 6, 8

**Statutes**

47 U.S.C. § 230 .................................................................................................................... 1, 4, 8

**Other Authorities**

141 Cong. Rec. H8470 (Aug. 4, 1995) ....................................................................................... 8
141 Cong. Rec. H8471 (Aug. 4, 1995) ....................................................................................... 1
H.R. Rep. No. 548, 104th Cong., 2d Sess. 194 (1996) ................................................................ 5

**PRELIMINARY STATEMENT**

Defendant craigslist, Inc. ("craigslist") submits this reply in support of its motion to dismiss the First Amended Complaint ("Complaint") under section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230").

The plaintiff would like to require the government or this Court to "regulate[]" craigslist and "force[]" craigslist to "screen[]" the content of advertisements that users post on its website. (Pl. Memo. in Opp. to Def. Mot. to Dismiss ("Pl. Opp. Memo.") at 3, 11). However, it is "the policy of the United States that we do not wish to have content regulations by the Federal Government of what is on the Internet." 141 Cong. Rec. H8470 (Aug. 4, 1995) (statement of Rep. Cox). Furthermore, as acknowledged by Congress:

> There is no way that any of those [interactive computer service providers] can take the responsibility to edit out all information that is going to be coming in to them from all manner of sources onto their bulletin board. . . . [T]o have that imposition imposed on them is wrong.

141 Cong. Rec. H8471 (Aug. 4, 1995) (statement of Rep. Goodlatte). Section 230 implements these Congressional findings and national policies, and bars the plaintiff's common law negligence claim against craigslist.

Despite the plaintiff's argument that the Complaint does not rest on content, craigslist's only connection to the plaintiff is the alleged content of an ad allegedly posted on craigslist's online classified ad service. (First Am. Compl., *passim*). The plaintiff argues craigslist should have screened the millions of ads on its website and weeded out content advertising illegal services and dangerous objects, including the alleged handgun ad at issue here. (Pl. Opp. Memo. at 11). This is a traditional publisher function and the plaintiff's allegations would impose liability on craigslist for its actions – or alleged inaction – in this traditional publisher role. Section 230 exists to prevent such liability.

1

The plaintiff does not dispute that craigslist is an interactive computer service provider under Section 230, and the plaintiff does not dispute that the content of the alleged advertisement at issue was created by a third party. Rather, in his attempt to resist Section 230, the plaintiff contends that the Complaint cannot be dismissed at this juncture under Federal Rule of Civil Procedure ("Rule") 12(b)(6); that Section 230 does not bar common law negligence claims; and that the Complaint does not seek to treat craigslist as the publisher of third-party content. As to each contention, the plaintiff simply is wrong.

## LEGAL ARGUMENT

### POINT I

### A RULE 12(b)(6) MOTION IS A PROPER VEHICLE FOR DISMISSAL OF THE COMPLAINT

Dismissal of the Complaint under Section 230 pursuant to Rule 12(b)(6) is proper and warranted. Applying the undisputed standard governing motions to dismiss, claims and complaints around the country have been dismissed under Section 230 on Rule 12(b)(6) motions because they failed to state a viable claim. *See, e.g.*, *Universal Commc'n Systems, Inc. v. Lycos, Inc.*, 478 F.3d 413 (1st Cir. 2007); *Green v. Am. Online*, 318 F.3d 465 (3d Cir. 2003); *Kruska v. Perverted Justice Found. Inc.*, No. CV 08-0054-PHX-SMM, 2008 WL 2705377 (D. Ariz. July 9, 2008); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 564 F. Supp. 2d 544 (E.D. Va. 2008); *Doe v. Friendfinder Network, Inc.*, 540 F. Supp. 2d 288 (D.N.H. 2008); *Global Royalties, Ltd. v. Xcentric Ventures*, LLC, No. 07-956-PHX-FJM, 2007 WL 2949002 (D. Ariz. Oct. 10, 2007); *Doe v. SexSearch.com*, 502 F. Supp. 2d 719 (N.D. Ohio 2007); *Doe v. Bates*, No. 5:05-CV-91-DF-CMC, 2006 WL 3813758 (E.D. Tex. Dec. 27, 2006); *Langdon v. Google, Inc.*, 474 F. Supp. 2d 622 (D. Del. 2007); *Parker v. Google, Inc.*, 422 F. Supp. 2d 492 (E.D. Pa. 2006), *aff'd*, 242 Fed. Appx. 833 (3d Cir.), *cert. denied*, ___ U.S. ___, 128 S. Ct. 1101, 169 L. Ed. 2d 834

(2007). In each case (and many more nationwide), the prohibitions of Section 230 meant that the plaintiff had failed to state a claim on which relief could be granted and, as a result, dismissal of the Complaint pursuant to Rule 12(b)(6) was warranted.[1] The same is true here.

The only set of facts alleged by the Complaint is a purported failure by craigslist to screen and eliminate content on its website that advertises illegal goods and services. (First Am. Compl., *passim*). There is no claim consistent with this set of facts that could or would entitle the plaintiff to relief against craigslist because Section 230 bars any such claim. (*See* Mot. to Dismiss, *passim*).

The plaintiff's own suggestion proves this point. The plaintiff argues that dismissal should be postponed to permit discovery into efforts craigslist has taken to stop content advertising illegal goods and services on its website. (Pl. Opp. Memo. at 5). Yet Section 230 was specifically designed to prevent liability of computer service providers who attempt to regulate content on their services. Section 230 accomplishes this goal by eliminating potential liability when claims address publisher functions by the service provider. (*See* Mot. to Dismiss at 5, 6 & n.1.) As a result, nothing disclosed by the plaintiff's proposed discovery could possibly change the application of Section 230 to bar the plaintiff's claims. *See, e.g.*, *Blumenthal v. Drudge*, 992 F. Supp. 44, 52 (D.D.C. 1998) ("Congress has conferred immunity from tort liability as an incentive to Internet service providers to self-police the Internet for obscenity and

---

[1] Because "[t]he standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim," *Pilman v. New York City Housing Auth.*, 214 F. Supp. 2d 325, 326 n.1 (S.D.N.Y. 2002) (Berman, J.) (internal quotation marks and citations omitted), some courts have also construed Rule 12(b)(6) motions to dismiss claims under Section 230 as Rule 12(c) motions for judgment on the pleadings and granted them on that basis. *See, e.g.*, *Doe v. MySpace, Inc.*, 474 F. Supp. 2d 843, 849 n.4 (W.D. Tex. 2007), *aff'd*, 528 F.3d 413 (5th Cir. 2008), *cert. denied* ___ S. Ct. ___, 2008 WL 4218722 (Nov. 17, 2008); *Bates*, 2006 WL 3813758, at *9.

other offensive material, *even where the self-policing is unsuccessful or not even attempted*." (emphasis added)).

As explained recently by the United States Supreme Court, survival of a motion to dismiss requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Despite the plaintiff's opportunity to file an amended complaint with full knowledge of craigslist's Section 230 protection, *see* Case Management Plan (Oct. 16, 2008) (Dkt. 2), the Complaint does not and cannot allege sufficient facts to state a claim for relief that is plausible on its face, and therefore, the Complaint should be dismissed under Rule 12(b)(6).

## POINT II

## SECTION 230 BARS COMMON LAW NEGLIGENCE CLAIMS

The plaintiff also is wrong in the assertion that Section 230 does not bar common law negligence claims. Contrary to the plaintiff's argument, both the statutory purpose of Section 230 – evident from the plain statutory language and the legislative history – and the abundant judicial precedent addressing this federal law demonstrate that Section 230 bars claims for common law negligence.

The statutory purpose of Section 230 to bar common law negligence claims, among other state and local claims, is apparent from the statutory language. Section 230 states unequivocally: "*No cause of action* may be brought and no liability may be imposed *under any State or local law* that is inconsistent with this section." 47 U.S.C. § 230(e)(3) (emphasis added). A common law negligence cause of action that treats a "provider or user of an interactive computer service . . . as the publisher or speaker of . . . information provided by another information content provider," 47 U.S.C. § 230(c)(1), falls within the plain meaning of the statutory language

and therefore is barred. *See Lee v. Bankers Trust Co.*, 166 F.3d 540, 544 (2d Cir. 1999) ("It is axiomatic that the plain meaning of a statute controls its interpretation."); *Aslanidis v. United States Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) ("[W]hen looking at its language, a court should presume that the statute says what it means.").

The statutory purpose to bar common law negligence claims also is apparent from Section 230's legislative history. A primary purpose for the enactment of Section 230 was to overrule the effect of decisions like *Stratton Oakmont, Inc. v. Prodigy Services Co.*, 1995 N.Y. Misc. LEXIS 229, 23 Media L. Rep. (BNA) 1794 (N.Y. Sup. Ct. 1995), which imposed liability on interactive computer service providers as a result of imperfect efforts to regulate content posted on their services. H.R. Rep. No. 548, 104th Cong., 2d Sess. 194 (1996). If common law negligence claims were somehow carved out from Section 230's protection, this purpose would be entirely vitiated because any prospective plaintiff with a complaint regarding third-party content could allege that the computer service provider should have exercised greater care to prevent publication of the offensive content.

If any doubt about the application of Section 230 to common law negligence claims could possibly remain, case law since its enactment puts it to rest. Case after case has held that Section 230 applies to and bars common law negligence claims. *See, e.g.*, *Doe v. MySpace, Inc.*, 528 F.3d 413 (5th Cir. 2008) (negligence claim barred), *cert. denied* ___ S. Ct. ___, 2008 WL 4218722 (Nov. 17, 2008); *Green*, 318 F.3d 465 (same); *Ben Ezra, Weinstein & Co. v. Am. Online Inc.*, 206 F.3d 980, 984-85 (10th Cir. 2000) (same); *Zeran v. America Online, Inc.*, 129 F.3d 327, 328 (4th Cir. 1997) (same), *cert. denied*, 524 U.S. 937 (1998); *Kruska*, 2008 WL 2705377 (same); *Bates*, 2006 WL 3813758 (same); *Parker*, 422 F. Supp. 2d 492 (same); *Barnes v. Yahoo!, Inc.*, No, Civ. 05-926-AA, 2005 WL 3005602, at *4 (D. Or. Nov. 8, 2005) (same);

*Gentry v. eBay, Inc.*, 121 Cal. Rptr. 2d 703, 718 (Cal Ct. App. 2002) (same); *Doe v. Am. Online*, 783 So. 2d 1010 (Fla. 2001) (same); *see also Doe*, 540 F. Supp. 2d 288 ("Intentional/Negligent/Reckless Conduct" claims barred); *Doe*, 502 F. Supp. 2d 719 (negligent infliction of emotional distress and negligent misrepresentation claims barred); *see generally Gucci Am., Inc. v. Hall & Assoc.*, 135 F. Supp. 2d 409, 415 & n.13 (S.D.N.Y. 2001) (Berman, J.) (acknowledging case law supporting Section 230 protection with respect to "defamation and other forms of tort liability"). And Congress has confirmed the propriety of courts' applications of Section 230 to bar negligence claims: "The courts have correctly interpreted section 230(c), which was aimed at protecting against liability for such claims as *negligence*." H.R. Rep. No. 107-449, 107th Cong., 2d Sess. 13 (2002) (emphasis added) (citing *Doe*, 783 So. 2d 1010), *reprinted in* 2002 U.S.C.C.A.N. 1741, 1749.

**POINT III**

**THE COMPLAINT TREATS CRAIGSLIST AS THE "PUBLISHER"
OF THIRD-PARTY CONTENT ON ITS SERVICE**

In an effort to dodge Section 230, the plaintiff makes the conclusory argument that the action "does not seek to hold defendant liable as a speaker or in the role of a publisher." (Pl. Opp. Memo. at 7). This characterization of the action and allegations simply is incorrect.

The Complaint states:

> This common law cause of action respectfully alleges that plaintiff [sic], an internet merchant, *failed to monitor, regulate, properly maintain and police* the merchandise being bought and sold on its internet web site.

(First Am. Compl. ¶ 1 (emphasis added); *see also id.* ¶ 20 (alleging that "defendant is either unable or unwilling to allocate the necessary resources to monitor police, maintain and properly supervise the goods and services sold on its internet web site")). These are the "traditional editorial functions" of a publisher. *Zeran*, 129 F.3d at 330 ("[L]awsuits seeking to hold a service

6

provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content—are barred."); *see also Green*, 318 F.3d at 471 (Section 230 bars claims based on a computer service provider's "decisions relating to monitoring, screening, and deletion of content from its network—actions quintessentially related to a publisher's role.").

The Fifth Circuit in *Doe* rejected the very argument plaintiff makes here, on facts that indeed are materially indistinguishable from this case.[2] The Court held:

> [Plaintiffs'] claims are barred by the CDA, notwithstanding their assertion that they only seek to hold [the defendant] liable for its failure to implement measures that would have prevented [a minor] from communicating with [a third-party adult]. Their allegations are merely another way of claiming that [the defendant] was liable for publishing the communications and they speak to [the defendant's] role as a publisher of online third-party-generated content.

[*Doe*, 528 F.3d at 420.]

The plaintiff's assertion here that the Complaint only seeks to hold craigslist liable for failing to implement measures that would have prevented alleged communication regarding a handgun for sale by an unidentified person, (Pl. Opp. Memo. at 5, 5 n.1, and 11), merely is another way of claiming that craigslist is liable for publishing a third party's alleged communication and speaks to craigslist's role as a publisher of online, third-party generated content.

The fact that the third-party content hosted by craigslist's interactive computer service is advertising for products and services is irrelevant. Section 230's protection expressly is bestowed on "provider[s]" (and "users") of "'interactive computer services.'"

---

[2] The plaintiff's claim that the holding in *Doe* should not apply here because it was premised on the plaintiff's contributory negligence is wrong. The discussion of contributory negligence was strictly in the context of the *Doe* plaintiff's argument that MySpace was a content provider. *Doe*, 528 F.3d at 420-22. Moreover, the *Doe* court ultimately held "without considering [plaintiff's] content-creation argument, that their negligence and gross negligence claims are barred by the CDA" – *i.e.* the plaintiff's contributory negligence was irrelevant to the court's application of Section 230. *Id.* at 422.

7

47 U.S.C. § 230(f)(2). There is no exemption based on the nature of the content hosted by the provider, *i.e.* whether it is a social networking website (*Doe*, 528 F.3d 413), an internet message board operator (*Universal Commc'n Systems*, 478 F.3d 413), a web host (*Kruska*, 2008 WL 2705377), a consumer complaints forum (*Global Royalties, Ltd. v. Xcentric Ventures, LLC*, 544 F. Supp. 2d 929 (D. Ariz. 2008)), or, like craigslist, a third-party classified ad website (*Corbis Corp. v. Amazon.com,* 351 F. Supp. 2d 1090 (W.D. Wash. 2004); *Stoner v. eBay Inc.*, No. 305666, 2000 WL 1705637 (Cal. Super. Ct. Nov. 1, 2000); *Chi. Lawyers' Comm. for Civ. Rights Under Law, Inc. v. Craigslist, Inc*., 461 F. Supp. 2d 681, 698 (N.D. Ill. 2006), *aff'd*, 519 F.3d 666 (7th Cir. 2008)).

The plaintiff's argument that Section 230's protections do not apply because craigslist provides an interactive computer service that allows individuals to communicate about goods and services for sale is wrong. To the contrary, an express Congressional purpose of Section 230 is the preservation of "the vibrant and competitive free market that presently exists for the Internet and other interactive computer services." 47 U.S.C. § 230(b). As explained in *Batzel v. Smith*, "there is little doubt that [Section 230] sought to further First Amendment *and e-commerce* interests on the Internet." 333 F.3d 1018, 1027-28 (9th Cir. 2003) (emphasis added).

There is no statutory, historical or precedential authority supporting the plaintiff's position that, because craigslist hosts classified ads, craigslist ought to be "forced" to monitor, screen and police the third-party content on its service when Congress enacted Section 230 for the explicit purpose of promoting and encouraging self regulation by interactive computer service providers. *See* 141 Cong. Rec. H8470 (Aug. 4, 1995) (statement of Rep. Barton); *see also Zeran*, 129 F.3d at 331.

**POINT IV**

**PLAINTIFF'S REQUEST FOR A PRE-MOTION
CONFERENCE AND/OR SANCTIONS SHOULD BE DENIED**

There is ample precedent at both the federal and state level acknowledging the breadth of Section 230's protection and its application to claims such as those asserted by the plaintiff. There are no grounds for a Rule 11 motion or sanctions against craigslist,[3] and the plaintiff's request for a pre-motion conference and/or sanctions based on the same should be denied.

**CONCLUSION**

For the foregoing reasons, and those set forth in craigslist's moving papers, craigslist's motion to dismiss should be granted and the plaintiff's request for a pre-motion conference and/or sanctions should be denied.

Dated: December 2, 2008                           COUGHLIN DUFFY LLP


By:   /s/ Justin N. Kinney
      Justin N. Kinney (JNK 8531)
      Wall Street Plaza
      88 Pine Street
      New York, NY  10005
      (212) 483-9490

      and

---

[3] Specifically, the plaintiff, seeking a "pre-motion conference for a FRCP 11 motion," (Pl. Opp. Memo. at 11), argues that craigslist mischaracterized *Doe*, 528 F.3d 413, and the corresponding district court decision, 474 F. Supp. 2d 843, because: craigslist failed to mention contributory negligence, and craigslist never flagged to this Court that, prior to the Western District of Texas opinion cited by craigslist, the United States District Court for the Southern District of New York decided to transfer the case to the Western District of Texas.  Contrary to the plaintiff's suggestion, however, the *Doe* discussion of contributory negligence does not relate to the allegations in the Complaint in this case.  *See supra* n. 2.  And the venue transfer by the Southern District of New York is wholly irrelevant to the Section 230 analysis, particularly as the Southern District of New York "declined to rule on the motion to dismiss, leaving it for the transferee court."  *Id*. at 417.

Elizabeth McDougall
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101
(206) 359-8000

*Attorneys for Defendant craigslist, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on December 2, 2008, he caused a true and correct copy of CRAIGSLIST'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CRAIGSLIST'S MOTION TO DISMISS to be served through the Court's electronic system:

By: /s/ Justin N. Kinney
Justin N. Kinney

Dated: December 2, 2008