USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 15 June 2009

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
GIBSON,

                      Plaintiff,

    - against -

CRAIGSLIST, INC.,

                      Defendant.
------------------------------------------------------------X

08 Civ. 7735 (RMB)

**DECISION & ORDER**

## I.    Background

On September 4, 2008, Calvin Gibson ("Plaintiff" or "Gibson") filed an amended complaint ("Amended Complaint") against Craigslist, Inc. ("Defendant" or "Craigslist") alleging, among other things, that "in or around July 2008, an individual, whose identity is unknown, advertised to sell handguns on [D]efendant's internet website," www.craigslist.org, and that "on July 14, 2008, at approximately 8:00 a.m., in the City of New York, Plaintiff was shot several times by Jesus Ortiz with a handgun which Mr. Ortiz "purchase[d] from [that unknown] individual who advertised its sale [on] [D]efendant's internet website." (Am. Compl. ¶¶ 14, 19.) Plaintiff asserts that Defendant breached its "duty of care to [e]nsure that inherently hazardous objects, such as handguns, did not come into the hands of . . . individual[s], such as Mr. Ortiz," and seeks, among other relief, "compensatory damages in the amount of [$10 million]," punitive damages, and the "appointment of a Federal monitor." (Am. Compl. ¶ 17, p.5; see also id. ¶¶ 10, 18, 20.)

On November 6, 2008, Defendant moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") to dismiss the Amended Complaint, arguing, among other things, that: (1) dismissal of the Amended Complaint under Section 230 of the Communications

Decency Act of 1996 ("CDA"), 47 U.S.C. § 230, et seq., pursuant to Rule 12(b)(6) "is proper and warranted";[1] and (2) Plaintiff's claims fail because "Section 230 of the CDA provides an absolute bar to any cause of action that would make an interactive service provider, like [C]raigslist, liable for third-party content posted on the internet through its service." (Def. Mot. to Dismiss, dated Nov. 6, 2008 ("Def. Mot."), at 4; Def. Reply in Further Supp. of Plaintiff's Mot. to Dismiss, dated Dec. 2, 2008 ("Def. Reply"), at 2; see also Hearing Tr., dated May 21, 2009 ("Hearing Tr."); Ltr. from Justin N. Kinney to Hon. Richard M. Berman, dated May 21, 2009 ("Def. May 21, 2009 Ltr.").)

On November 19, 2008, Plaintiff filed an opposition arguing, among other things, that: (1) Section 230 of the CDA provides an affirmative defense and "an affirmative defense is generally not fodder for a Rule 12(b)(6) motion"; and (2) Section 230 "does not provide blanket immunity to interactive computer services." (Pl. Opp'n to Def. Mot. to Dismiss, dated Nov. 18, 2008 ("Pl. Opp'n"), at 4, 5 (internal quotations and citation omitted); see also id. at 7; Ltr. from Paul B. Dalnoky to Hon. Richard M. Berman, dated May 22, 2009 ("Pl. May 22, 2009 Ltr."), at 1.) Plaintiff also seeks an order, pursuant to Fed. R. Civ. P. 11, compelling "[D]efendant to pay sanctions in the form of costs and reasonable attorney's fees for [its] meritless motion." (Pl. Opp'n at 12.)

---

[1] An Affirmative defense, such as Section 230 immunity, is generally addressed on a Rule 12(c) motion for judgment on the pleadings or a Rule 56 motion for summary judgment, see Novak v. Overture Servs., Inc., 309 F. Supp. 2d 446, 452 (E.D.N.Y. Mar. 25, 2004), but some courts have held that it is proper to evaluate a Section 230 immunity defense "in the context of a 12(b)(6) motion" where the necessary facts are apparent on the face of the complaint and the immunity available under the CDA precludes a plaintiff from stating a claim. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 564 F. Supp. 2d 544, 550 (E.D. Va. 2008); see also Doe v. Bates, No. 05 Civ. 91, 2006 WL 3813758, at *9–10 (E.D. Tex. Dec. 27, 2006). As reflected below, that is the position taken here.

On December 2, 2008, Defendant filed a reply arguing, among other things, that there are no grounds for Fed. R. Civ. P. 11 sanctions against Defendant because "[t]here is ample precedent . . . acknowledging the breadth of Section 230's protection and its application to claims such as those asserted by the [P]laintiff." (Def. Reply at 9.)

The parties waived oral argument. (See Case Management Plan.)

**For the reasons set forth below, Defendant's motion to dismiss the Amended Complaint is granted and Plaintiff's application for sanctions is denied.**

## II. Legal Standard

"When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff." Murawski v. Pataki, 514 F. Supp. 2d 577, 582 (S.D.N.Y. 2007). At the same time, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 2009 WL 1361536, *12 (May 18, 2009). The complaint must plead enough facts to state a claim for relief that is plausible on its face. See Atlantic Recording Corp. v. Project Playlist, Inc., 603 F. Supp. 2d 690, 699 (S.D.N.Y. 2009).

"A motion to dismiss under [Fed. R. Civ. P.] 12(c) is governed by the same standard as a motion under [Fed. R. Civ. P.] 12(b)(6)." In re Ades and Berg Group Investors, 550 F.3d 240, 243 n.4 (2d Cir. 2008).

## III. Analysis

### (1) Fed. R. Civ. P. 12(b)(6)

Defendant argues that Fed. R. Civ. P. 12(b)(6) is the "appropriate vehicle" to seek dismissal of the Amended Complaint because, among other reasons, any discovery regarding Defendant's efforts to stop the selling of illegal goods on its website is "irrelevant to [Defendant's] Section 230 protection and cannot provide a basis to deny [Defendant's] motion." (Def. May 21, 2009 Ltr. at 1, 2; see also Def. Reply at 2–4.) Plaintiff counters, among other things, that "discovery [should] be had to determine what efforts, if any, [D]efendant made to stop the selling of illegal goods and services on its website" and "there is no [Section 230] defense . . . evident on the face of the [Amended] [C]omplaint as the [Amended] [C]omplaint does not treat the Defendant as a speaker or a publisher but as a business." (Pl. Opp'n at 5 (internal quotations and citation omitted); Pl. May 22, 2008 Ltr. at 1.)

A defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion where, as here, the defense appears on the face of the complaint. See Staehr v. Hartford Fin. Servs. Group, Inc., 547 F.3d 406, 426 (2d Cir. 2008); see also MCW, Inc. v. Badbusinessbureau.com LLC, No. 02 Civ. 2727, 2004 WL 833595, at *7 (N.D. Tex. Apr. 19, 2004) ("The CDA, if applicable, is an appropriate ground for dismissal of the complaint under Rule 12(b)(6) because the Act would preclude [plaintiff] from establishing a set of facts that would entitle it to relief."); Murawski, 514 F. Supp. 2d at 582–83, 591; Atlantic Recording, 603 F. Supp. 2d 698–703. And, the Court concludes that it is proper and appropriate to evaluate Defendant's Section 230 immunity defense in the context of Fed. R. Civ. P. 12(b)(6) because, as further explained below, (see infra pp. 5–8), the elements necessary to make a finding regarding Section 230 immunity are apparent from the face of the Amended Complaint, see Nemet

4

Chevrolet, 564 F. Supp. 2d at 550, and discovery into Defendant's efforts to prevent the sale of illegal goods and services on its website "would [not] establish a set of facts that would entitle Plaintiff[] to relief," Bates, 2006 WL 3813758, at *10. See also Global Royalties, Ltd. v. Xcentric Ventures, LLC, No. 07 Civ. 956, 2007 WL 2949002, at *2 (D. Ariz. Oct. 10, 2007) ("[G]iven the allegations, the application of the CDA is a question of law and will not be affected by discovery.").[2]

(2) Section 230

Defendant argues persuasively that it is entitled to immunity under Section 230 of the CDA because, among other reasons, "[C]raigslist is a provider (and user) of interactive computer services"; "[t]he alleged handgun advertisement identified in the [Amended] Complaint was provided by another information content provider, not [C]raigslist"; and "the [Amended] Complaint on its face improperly seeks to treat [C]raigslist as the publisher or speaker of the alleged advertisement." (Def. Mot. at 9, 10, 11.) Plaintiff counters unpersuasively that he does not seek to hold Defendant liable as a speaker or in the role of a publisher but, rather, "as a business, plain and simple." (Pl. May 22, 2009 Ltr. at 1; see also Pl. Opp'n at 7.)

Section 230 of the CDA provides clearly that "'[n]o provider or user of an interactive computer service shall be treated as a publisher or speaker of any information provided by another information content provider,' and that '[n]o cause of action may be brought and liability may be imposed under any State or local law that is inconsistent with this section.'" Murawski, 514 F. Supp. 2d at 591 (quoting 47 U.S.C. §§ 230(c)(1), 230(e)(3)) (alterations in original); see

---

[2] Even if the Court were to conclude that Defendant should have moved pursuant to Rule 12(c), the Court could properly treat the instant Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings, with the same result. See Bates, 2006 WL 3813758, at *9; see also Doe v. MySpace, Inc., 474 F. Supp. 2d 843, 850 n.5 (W.D. Tex. 2007), aff'd, 528 F.3d 413 (5th Cir. 2008), cert. denied, 129 S. Ct. 600 (2008).

also Blumenthal v. Drudge, 992 F. Supp. 44, 51 (D.D.C. 1998) (in enacting the CDA, "Congress made a policy choice . . . not to deter harmful online speech through the separate route of imposing tort liability on companies that serve as intermediaries for other parties' potentially injurious messages.").[3]

Courts engage in a three part inquiry when determining the availability of immunity under the CDA, i.e., "[i] whether Defendant is a provider of an interactive computer service; [ii] if the postings at issue are information provided by another information content provider; and [iii] whether Plaintiff's claims seek to treat Defendant as a publisher or speaker of third party content." Nemet Chevrolet, 564 F. Supp. 2d at 548. "Courts across the country have repeatedly held that the CDA's grant of immunity should be construed broadly." Atlantic Recording, 603 F. Supp. 2d at 699.

Plaintiff's claims against Defendant are barred by the CDA because each prong of the Section 230 immunity test is satisfied based upon the allegations in the Amended Complaint. See Nemet Chevrolet, 564 F. Supp. 2d at 550; see also Murawski, 514 F. Supp. 2d at 591; Myspace, 528 F.3d at 420; Green v. Am. Online (AOL), 318 F.3d 465, 470–71 (3d Cir. 2003), cert. denied, 540 U.S. 877 (2003); Kruska v. Perverted Justice Found. Inc., No. 08 Civ. 54, 2008 WL 2705377, at *2–3 & n.1 (D. Ariz. July 9, 2008). First, the Amended Complaint alleges that Defendant is "an internet merchant," (Am. Compl. ¶ 1), and Plaintiff does not appear to dispute

---

[3] "The term 'interactive computer service' means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2).

"The term 'information content provider' means any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." Id. § 230(f)(3).

that Craigslist is a provider of an interactive computer service. See Chicago Lawyers' Comm. For Civil Rights Under Law, Inc. v. Craigslist, Inc., 461 F. Supp. 2d 681, 698 (N.D. Ill. 2006) (internal quotations and citation omitted), aff'd, 519 F.3d 666 (7th Cir. 2008); see also Carafano v. Metrosplash.com Inc., 207 F. Supp. 2d 1055, 1065–66 (C.D. Cal. 2002), aff'd, 339 F.3d 1119 (9th Cir. 2003).

Second, the Amended Complaint acknowledges that an "unknown individual," not the Defendant, placed the advertisement under a coded category on the Craigslist website. (Am. Compl. ¶ 15); see also Craigslist, 461 F. Supp. 2d at 698 (housing notices posted on Craigslist's website "are 'information' that originates, not from Craigslist, but from 'another information content provider,' namely the users of Craigslist's website") (quoting 47 U.S.C. § 230(f)(3)); Atlantic Recording, 603 F. Supp. 2d at 701–02.

Third, Plaintiff seeks to hold Defendant liable for its alleged failure to block, screen, or otherwise prevent the dissemination of a third party's content, i.e., the gun advertisement in question, see Bates, 2006 WL 3813758, at *20, alleging, among other things, that Defendant "failed to monitor, regulate, properly maintain and police the merchandise being bought and sold on its . . . website" and "is either unable or unwilling to allocate the necessary resources to monitor, police, maintain and properly supervise the goods and services sold on its . . . website." (Am. Compl. ¶¶ 1, 20; see also Pl. Opp'n at 5.) It is clear that Plaintiff's claims are directed toward Craigslist as a "publisher" of third party content and "Section 230 specifically proscribes liability in such circumstances." Green, 318 F.3d at 471 (internal quotations and citation omitted); see Myspace, 474 F. Supp. 2d at 849 ("Plaintiffs argue this suit is based on MySpace's negligent failure to take reasonable safety measures to keep young children off of its site and not based on MySpace's editorial acts . . . . No matter how artfully Plaintiffs seek to plead their

7

claims, the Court views Plaintiffs' claims as directed toward MySpace in its publishing, editorial, and/or screening capacities."); Green, 318 F.3d at 470–71 (affirming dismissal of claim that AOL "negligent[ly] fail[ed] to properly police its network for content transmitted by its users" because Section 230 bars "attempts to hold AOL liable for decisions relating to the monitoring, screening, and deletion of content from its network – actions quintessentially related to a publisher's role"); see also Stoner v. eBay, Inc., No. 305666, 2000 WL 1705637, at *3 (Cal. Super. Nov. 1 2000) (rejecting plaintiff's "contention . . . that eBay should be held responsible for failing to monitor the products auctioned over its service" because "Congress intended to remove [through Section 230] any legal obligation of interactive computer service providers to attempt to identify or monitor the sale of such products").

**Fed. R. Civ. P. 11**

Defendant having prevailed on its motion, it is apparent that it violated no stricture of Fed. R. Civ. P. 11. See Beyah v. Scully, No. 91 Civ. 2720, 1996 WL 103829, at *4 (S.D.N.Y. Mar. 11, 1996). Even assuming, arguendo, that Plaintiff's claims were not barred by Section 230 of the CDA, Defendant's motion cannot be called frivolous and Defendant "has every right to move for dismissal" at this time. Koch v. CGM Group, Inc., No. TH 00–216–C M/H, 2001 WL 392523, at *4 (S.D. Ind. Apr. 3, 2001). Plaintiff's application for sanctions is, accordingly, denied. See Murawski, 514 F. Supp. 2d at 590.

## IV. Conclusion and Order

For the foregoing reasons, Defendant's motion to dismiss [#6] is granted and Plaintiff's application for sanctions is denied. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated: New York, New York
June 15, 2009

_____
RICHARD M. BERMAN, U.S.D.J.